This is our third case in the morning, 410-0694, Mary Collins v. Town of Normal, for the appellate, Mr. Williamson, for the appellate, Mr. Fregoso. You may proceed. Thank you, Your Honor. Members of the Court, Counsel, I'm Niall Williamson. I represent the plaintiff, Mary Collins, who filed a retaliatory discharge case against her former employer, Town of Normal. I know the Court has read the briefs, familiarized yourself with the facts. I would point out one factual discrepancy between the parties. That is that the defendant cites the date of termination as December 14, 2007. The plaintiff cites the date of termination as April 1, 2008. And what happens, as I understand it, is on the December 14 date, my client is called into an office and told that there are budget restrictions, her job is going to be eliminated. She will be allowed to work until April 1, 2008, and she does that. In my mind, that means the termination occurred on April 1, 2008, but I hesitate to add the date difference doesn't appear to affect the ultimate issue in this case. And, of course, you're aware of that issue, and that is that a 2619 motion to dismiss was granted by the trial court on the basis that Section 8-101 of the Tort Immunity Act applied for a one-year statute of limitations. And, of course, the plaintiff concedes that she filed her verified complaint on September 22, 2009, so that if the one-year statute of limitations were applied, she would have filed after that particular statute of limitations. Now, I also will not belabor the two cases that were argued at the trial court. There is one case that I understand that's ever held that a retaliatory discharge case against a public entity has the one-year statute of limitation under the Tort Immunity Act, and that's Hallock v. County of Cook, a 1994 case from the 1st District. And it is on point. The issue was the statute of limitations. They held the one-year statute of limitations applied, and there's been no other direct ruling, in my mind, since that time. And then the plaintiff cited Smith v. Waukegan Park District in the trial court, and that case is not directly on point because there wasn't a direct argument on the statute of limitations. And, in fact, the plaintiff and Smith had filed within one year. The issue, of course, was whether the immunity provisions of the Tort Immunity Act applied to retaliatory discharge cases, and the Illinois Supreme Court held, as I understand it, that it did not. Now, after the parties filed their initial brief, the court, undoubtedly more astute than counsel in this case, probably got to the crux of the issue, ordered us to file supplemental briefs principally dealing with whether the application of 745 ILCS 10-2-101, which contains five subparts, and appears to suggest very directly that if a lawsuit is brought under one of those five subparts, the one-year statute of limitations under 8-101 does not apply. Now, this case is limited somewhat because we're talking about a retaliatory discharge case arising out of a Workers' Compensation Act case. And, as you're all well aware, a plaintiff can file a retaliatory discharge case in this state based on facts that are not under the Workers' Compensation Act. And that's not what we're dealing with. We're dealing with a Workers' Compensation case, which is specifically referenced as subparagraph C under 10-2-101. Not retaliatory discharge, but under the Workers' Compensation Act. So, the court asked the parties to brief the effect of essentially three to four different cases, as I understand it, including the most recent case, Harvest Church of Our Lord, and the Illinois Supreme Court's decision in the Rain Tree case. I have taken the liberty of citing Justice Fitzgerald's dissenting opinion on page five of our supplemental brief. Obviously, it's a dissenting opinion. It's not that the holding in the Paskowski case favors the plaintiff particularly, but it seems to me that Justice Fitzgerald gave a very clear, erudite rendition of the effect of 10-2-101. And said that the Supreme Court, in its prior ruling in Rain Tree, held that when a lawsuit is brought… It was just a dissent. It was just a dissent, and I pointed that out. But it's a clear statement, I think, as to what the ruling has been up to that point in time, including Rain Tree governing that statute. So, the Tort Immunity Act, one-year statute of limitations, only applies to cases within the Tort Immunity Act? Only applies to cases as defined by the Tort Immunity Act. Isn't that an oxymoron? If there's immunity, then the one-year statute applies. That's a waste of time, isn't it? It's not a waste of time if the Supreme Court held in Smith that there was not immunity for retaliatory discharge cases, then it seems to me that the question ends. Now, I understand from your having us file supplemental briefs that the court doesn't particularly understand that the question does end at that point. But that's what they held in the Smith case. That when a public employee files a retaliatory discharge case against a public entity, there is no immunity under the Illinois Tort Immunity Act. That's clear holding in that portion of the act. But again, let me ask you this question again. The one-year immunity statute only applies to cases where there's immunity? Yes. Isn't that ridiculous? Why do you even need a statute of limitations when you have immunity? Because the statute's convoluted. It clearly defines some areas are covered and some areas are not covered. I don't think that's unusual in terms of legislative intent. Why would it be? And yes, it may be an oxymoron, but that's what courts have to do. They have to interpret statutes. It doesn't make any sense, but it's the law. Well put, Your Honor. I don't know if you've heard me say anything about it before, but I think that's a ridiculous argument. Well, let me make a different pitch for you here. It seems to me the Tort Immunity Act contains some specific sections where there's immunity. And then it contains some specific sections where the Immunity Act does not apply. But then there's a middle ground where there's no immunity, but they are not specifically excluded from the Tort Immunity Act. And I was thinking that maybe Hallock was one of those cases. It was a negligence case against the city. It was not excluded from the act, but it was not one of the enumerated exceptions under 2-101 either. So maybe that's where the one-year statute applies. Well, that's probably a correct assessment. Hallock was not a retaliatory discharge case. So, you know, it's a negligence case. And I think it goes full circle, Your Honor. There's no immunity for retaliatory discharge in accordance with the Illinois Supreme Court's decision in Smith. And there is an exemption for actions brought under the Illinois Workers' Compensation Act in the act itself under 2-101, subparagraph C. So both sides of that argument apply to Ms. Collins' case. And that's why the one-year statute should not be applied. Now, I don't say that there's been any definitive ruling at this point in time, again, as to whether the rationale in Smith applies to all retaliatory discharge cases. And they didn't consider that question. And it does present a number of questions as to whether it would. It seems to me that given what the statute itself says on the exemptions, that it may not apply to all retaliatory discharge cases, the rationale. And the Supreme Court didn't address that. What is the statute of limitations in your view that applies here? I think it's a five-year statute of limitations. Where is that located? All other civil actions. It's not a personal injury action, so it's not two years. It's all other civil actions, which is five years. I don't have the site in front of me because I left my primary brief at the other desk. But I can give it to you in a moment. So I think it's a five-year statute of limitations. If it was a two-year statute of limitations, of course, that's moved because we filed it in two years anyway. If this were a private employer, what's the statute of limitations for retaliatory discharge? I think it's five years. So it's five years across the board. I think so. And the Smith case, which held that the Tort Immunity Act didn't apply to the retaliatory discharge claim, then it's your position that nothing in the Tort Immunity Act applies? Well, I understand counsel's argument about the severability clause. But it seems to me, and I don't think you get to the severability clause, it seems to me that once you hold there's no immunity in the Tort Immunity Act for retaliatory discharge cases, how could you then apply the statute of limitations of that same act when the initial definition does not get there? Your position is if the Tort Immunity Act doesn't apply regarding providing immunity, it doesn't apply regarding anything else? Yes, sir. I wouldn't want to venture an opinion on anything else. It would be difficult to envision what facts could be engendered. Let's go back to the Kelsey. And going forward from that, there's been an extraordinary reluctance to broaden that tort. First the tort is created, but then the court says this is very narrow, retaliatory discharge. This has got to be very narrow. Why doesn't that apply to, yeah, you can bring it against a city or a municipality, but we're still going to keep the narrow focus so the statute of limitations is less than it would be in another circumstance? Judge, I don't think you're broadening the action for retaliatory discharge at all when you rule on a statute of limitation question. That deals with what factual basis is one going to have to allege to obtain relief for retaliatory discharge in this state? And of course you're correct. They've limited the decisions tremendously after it was initially applied to workers' compensation cases. But a ruling on a statute of limitations question is a procedural issue. It's not a substantive expansion of the action for retaliatory discharge. And I keep fumbling when I use the word tort because I'm not at all clear that retaliatory discharge is a tort. Well, except that it is an expansion in the sense that we want the sovereign to have more protections than the average citizen. Or the average company or business. I mean, maybe that's not the way the world, it ought to be in the best of all possible worlds, but that is the construct of governmental immunity. So we want that greater immunity. So in that sense, it really is expanding it if you revert from one year to five years. You're exposing the whole citizenry to the claim because the government is the citizens. Well, Judge, one has to remember that the legislature made the determination to give governmental bodies immunity in certain circumstances. But at the same time, they limited that immunity. They wrote it right in the statute. And they limited that immunity. So this court is only doing what the legislature apparently intended so far as I can see. Now, I'm, again, this is a fairly convoluted legal argument. And I tried to cover everything in the briefs. And I think the cases that the court brought out in suggesting a supplemental brief, none of those cases suggest the plaintiff should prevail. I may have misread them. We tried to cover them in a supplemental brief. But none of those cases has a holding which would prevent the plaintiff from prevailing in this case. So unless you have any further questions, I'll conclude my argument. We do not. Thank you. We'll hear from you on rebuttal. Thank you. Please, the court, counsel. It's the town's position that the circuit court correctly dismissed the plaintiff's alleged claim for retaliatory discharge because it was barred by the one-year statute of limitation. Now, the court asked counsel if he believed that the one-year statute of limitation automatically did not apply if a substantive immunity within the Tort Immunity Act was found not to apply. It's the town's position that these are separate and severable provisions within the Tort Immunity Act. Now, if we look at Section 2-101-102 of the Tort Immunity Act, it's clear. The plain language of Section 1-102 states, if any provision or clause of the act or application to any person or circumstance is held invalid, such invalidity shall not affect the provision or applications of the act which can be given effect without the invalid provision or application. Well, that's not a situation we have here. Nobody's declaring the statute invalid. But what you have is 2-101, which says, nothing in this act affects the liability, if any, of a local public entity or public employee based on C, the Workers' Compensation Act. And Smith clearly holds that a retaliatory discharge Workers' Comp case is outside the scope of the Tort Immunity Act. Well, our response to that, Your Honor, would be that the tort of retaliatory discharge is judicially created from common law. In Kelsey, our Supreme Court created this common law tort. The language of the Workers' Compensation Act does not provide for private cause of action. So you disagree with Smith? We do, Your Honor, in the sense that Smith involved an employer who was asserting an immunity under Section 2-109, which is essentially, he was sort of a ricochet immunity, saying the employer was not liable because of the employee's actions. And in that case, the Supreme Court said, well, you can't invoke immunity because it was the employer who was acting and not the employee. Whereas in our case, if we look at the plaintiff's complaint, we see that the plaintiff's position was eliminated as a result of budget cuts. Now, these budget cuts were the result of department reorganization that were the result of legislative decisions. So I would submit to the Court that in our case, the facts are not similar to those in Smith, because it was the department reorganization that was the result of the legislative decision. And under 2-103, a legislative entity is immune for failing to pass any act or passing a particular act. And in Smith, while in the appellate court, they cite to Carter v. Peoria, which is very similar to the facts that we have before us today. So I would submit that the facts in our case are extremely different from those in Smith. But the Workers' Compensation Act, Section 4-H, prohibits retaliatory discharge for the exercise of workers' compensation rights. And then when the statute says workers' compensation right cases are excluded from the Tort Immunity Act, doesn't that answer the question? It answers the question to the extent that the Workers' Comp provides a remedy in the sense that it criminalizes an employer's retaliatory conduct against an employee. It makes it a misdemeanor, but it does not create a private cause of action. The private cause of action was the result of the Supreme Court's decision in Kelsey. It was created out of common law, and it has been expanded beyond. Well, lots of statutes are based on common law. That is correct, Your Honor. But the claim of retaliatory discharge is not limited to workers' compensation. It goes beyond workers' compensation. It's been applied in situations where employees have reported criminal activities of other employees. It's been expanded to union employees with collective bargaining agreements. And if we had a retaliatory discharge case here where the claim was not made that it was based on the denial of workers' compensation rights, I'd say maybe you're right. It does come within the one-year statute. But this one is – the allegations say this is based on denial of my workers' compensation rights. Well, if we look at the allegations of the complaint, Your Honor, the plaintiff, by her own admission, looking at Plaintiff's Exhibit 2, admits that her position was eliminated. And in the complaint, she admits and acknowledges that her position was eliminated as a result of budget cuts. And as I noted before, that was the result of department reorganization and the legislative decision. Did she file a workers' compensation? She did file a workers' compensation. And didn't she say she was discharged because of that? She did not use the term discharge. She said that her position was eliminated, and then she also said that her position was terminated. Now, if we look at the complaint, she also noted that the sergeant told her that her position, I believe, would not be renewed, but we would submit that a sergeant cannot speak on behalf of the town. And following up on my earlier point, when the Supreme Court created this tort of retaliatory discharge, I think we would all agree that the Supreme Court did not extend or modify the language of the Workers' Compensation Act. It doesn't have the authority to do so. That power is reserved solely for the state legislature to do so. And subsequent to the creation of retaliatory discharge, the Workers' Compensation Act has been amended several times and never has the legislature created a private cause of action for retaliatory discharge. So we would submit that this is a tort created by the Supreme Court not based on the Workers' Compensation Act, but rather based on common law and specifically to enforce the public policy of the state of Illinois. Well, I don't understand why you have to make that argument. It seems to me that the section in 2-101, and this is a matter I'll want you to address as well, Mr. Williamson, when you have an opportunity, talks about the liability of the public entity. Nothing in this act affects the liability of any of the public entity based upon, and then subsection C talks about the Workers' Compensation Act. If I understand the position of the town of Normal here, they're not contesting liability at this point anyway, and there's no question about liability at this point. The question is whether this is a, what statute of limitation arises, and it seems to me that the Supreme Court could simply in Smith, as indeed I think, and I reject your argument, the Supreme Court made up a tort. There it is. 4-H is the tort, and that's the liability, and there it is. But the question is what statute of limitation applies, and I don't, the sentence involved in this case is nothing in this act affects the liability. And perhaps the difficulty as I'm looking at this act, and again, Mr. Williamson, I'd want you to address it if you would, is maybe the problem is with the title in the first place of the Tort Liability Act. I notice it's called, short title, that shall be known as the Local Governmental and Governmental Employees Tort Immunity Act, but that's really not it. In other words, it's clear that this multiple, that multiple articles cover all kinds of other things, and the point Justice Cook made in the first place seems certainly correct. How can you talk about statute of limitations if the Tort Liability Act doesn't apply? Well, it doesn't apply for purposes of eliminating liability, but there are all kinds of other articles in the Tort Liability Act which do seem to have nothing to do with immunity. For instance, payment, Article 9, payment of claims and judgment. Dealing addresses when local public entity is empowered and directed to pay any tort judgment. How shall it do that? Well, obviously if it's immune, they're not going to be concerned with paying any judgment. So, I don't see that the Tort Immunity Act is limited to immunity and nothing else. I just don't think your argument is well taken that the Supreme Court created this Tort Council and that somehow, unless we so conclude, we have nothing else here before us. Your Honor, that point that the Supreme Court created this tort went to the issue that was posed before the court in its letter asking us whether the claims for retaliatory discharge were exempt from the Tort Immunity Act under 2-101. Now, with respect to the town's position regarding whether the one-year limitation provision governs claims for retaliatory discharge, we firmly believe it does for several reasons. First of which I briefly touched at the beginning and noted that the substantive immunity provisions are separate and apart from the procedural statute of limitation provisions. I already referenced the provision. In addition to that, in our briefs we cited to Griffin v. Wallaby, which this very court decided, and in that decision recognized that when analyzing whether a one-year limitation provision applies to a claim, it is not contingent or dependent on whether a substantive immunity applies. And that is a law created by this court. In addition, the First District in Herod v. Powers also recognized this principle. In that case, they ruled that the one-year limitation provision applied to a negligent tort despite the fact that the substantive immunity may not have applied. And that directly contradicts a plaintiff's argument, which is that because the substantive immunity does not apply, as ruled in Smith, therefore the procedural one-year limitation... Can you cite a case where the one-year statute was applied to the specifically enumerated exceptions listed under 2-101? No, we can't, Your Honor. And we are not alleging that the one-year limitation provision would apply to any of the items enumerated under 2-101 because all these claims are exempt from the Tort Immunity Act and their limitation provisions. But you disagree that a retaliatory discharge based on workers' comp is excluded under the workers' comp exception set out in 2-101? Our position, Your Honor, is that a claim for retaliatory discharge is not exempt from the Tort Immunity Act under 2-101C, which is the workers' comp exception. In our view, they are two separate things that we're dealing with. The Workers' Compensation Act and the claim for retaliatory discharge are two different items. On the one hand, we have administrative. Workers' compensation is born out of a statute created by the legislature. It does not allow for damages. It does not allow for the proof of liability, whereas a claim for retaliatory discharge, which fits the normal existence of a tort, you must prove damages. You must prove liability. It is born out of the common law. And again, we have to overrule Smith to do that? Absolutely not. Smith held that the employer could not invoke the immunity as a result of the employee's actions, 2-109. And that was limited to that particular immunity. In our case, as I noted earlier, the employer was not seeking immunity as a result of the employee's actions. Rather, the plaintiff, her position was eliminated because of budget cuts, which were the result of legislative decisions. And to the extent that any substantive immunities would apply and the town of Norma could shield itself, it would be under 2-103. And that is, it is protected from failing to pass a law or passing a law. So the facts are extremely different from the facts stated in Smith. And Smith's decision, the court's decision in Smith, was limited to those particular immunities. In this case, we are not asserting those immunities if we were to discuss any potential immunities aside from the one-year limitation provision. So we consider Smith to be different from our case. Smith said, nothing in the Tort Immunity Act affects the liability of a public entity based on the Workers' Compensation Act. Public entities possess no immunized discretion to discharge employees for exercising their workers' compensation rights. Smith does not treat a retaliatory discharge workers' compensation case as one of the enumerated exceptions in 2-101. And if we go on to the next sentence, Your Honor, where the court states, without expressing any opinion on firings in general by public entities, we declare under establishment law, public entities possess no immunized discretion to discharge employees. And the discretionary immunity was the immunity that the Waukegan Park District sought to invoke. It was a discretionary immunity, and for that reason, the court said, well, you can't invoke that immunity. There were two immunities in particular. One was discretionary, and the other was the ricochet, so to speak, immunity, where they were saying, well, we're immune because our employee committed this act. In that case, the Supreme Court said, no, it was the employer who acted. We are distinguishing that case from ours on the grounds that the plaintiff, in this case, her position was eliminated because of budget cuts. These budget cuts were the result of department reorganization, and that was a result of legislative decisions. Doesn't that get to the whole merits question? I mean, that's something which, why the trier effects? This case gets the trial. We have to resolve all those issues. Why are you arguing it to us now? How does that make any difference for purposes of the issue before us here? Your Honor, we would submit that it makes a difference in the sense that we are distinguishing the facts from Smith and our case, whereas in that case, it was the employer who was trying to sneak in under the employee immunity, so to speak, and the Supreme Court said, no, you cannot do that. So on different facts, you think the town of Normal will have immunity from a retaliatory discharge case? Is that your point? Our point is that the holding in Smith does not apply to our case for several reasons, one of which is that the one-year limitation provision still holds strong and is still applicable despite the holding in Smith, and two, even if we were to adopt the reasoning in Smith based on those facts, that reasoning does not apply to our case based on our facts. The second point is totally irrelevant to the issues before us here, Counsel, and you're wasting your time by even arguing it. I don't understand it. That's on the merits of the case. Your Honor, I... The issue here is what statute of limitation applies. Correct. The court says statute of one-year applies, that's what's before us, and if we agree, we would affirm. If we don't, then you would have a chance on your second point to go back and argue that to the trier affair. I don't understand this argument at all. Your Honor, I was merely trying to explain to Justice Cook's earlier question whether or not we would agree or disagree with the Smith decision. That's all I'm trying to do, Your Honor. And finally... You know, that's a decision from the Illinois Supreme Court less than three years ago. It's not a good tactic to come up here and say you're skeptical about it and then ask us to affirm. We're not entitled to be skeptical about decisions from the Supreme Court. I fully understand, Your Honor. I understand that we're all bound by the decisions. We're certainly not being skeptical. We're trying to distinguish the facts in that case in response to the earlier question. Finally, Your Honor, I would just urge the court to take notice of the plain language of Section 8-101, which states, No civil action other than an action described in Subsection B, which deals with patient care, shall be commenced within one year. We would submit to the court claims for retaliatory discharge are civil action. They ask for civil remedies. They're not quasi-criminal. They're certainly not based in criminal law. And all of the indicia of this particular tort, I think, fits within the meaning of the Tort Immunity Act. At this point, does the apparent disagreement over termination date make any difference? Right now, based on what's before us. It does not, Your Honor. In either date, the statute of limitations had already lapsed. Very good. Thank you. For those reasons, thank you. Rebuttal? Your Honor, unless the court asks further questions, I have no rebuttal. I got questions. If the Tort Immunity Act were called the Tort Immunity Act in Statute of Limitations, or the Tort Immunity in Statute of Limitations Act, would there be a problem with Section 8-101A applying? I don't think the title of the act would affect interpretation of its substance. Okay. So titles are just out there for general descriptions? I think that courts are entitled to interpret statutes, and if a particular statute was wrongfully titled, it wouldn't override the ability of a court system to interpret it. Because Articles 8 and 9 of the act really don't have anything to do with immunity. I don't disagree with you at all. And if the title of the act governed, we'd have to eliminate those two articles, would we not? I think that's probably a correct statement. With regard to 2-101, which is what has been discussed, it says nothing in this act affects the liability of any local public entity based upon the Workers' Compensation Act. Now, contrary to the town of Normal, I have no problems with the Smith case. It seems to me it's clearly retaliatory discharges based upon a section of the Workers' Compensation Act, and the Supreme Court in Smith said tort immunity doesn't apply to this claim. Arguably, then the next question is, what does it mean when it says in that section, nothing in this act affects the liability? The reason I ask that is because the issue before us, as I try to make clear to counsel, this has nothing to do with liability here, the issue before us is the statute of limitations. The answer to liability is presumed, I guess, at this point. Pardon? Liability is presumed at this point. Right, okay. Well, we certainly aren't going to address anything on the merits. Presumed may not be the proper word. But we're not addressing it. You know, the only question before us, am I correct, is the statute of limitations? That's right, under 2-619. Then why would this section, when it talks about affecting the liability, make any difference here? Or does it in your position? I don't think it does in our position. As to the broader question, I'm not sure I have an answer. Well, then going back to 8-101A, why is it that that shouldn't apply here? I want to make sure I understood your position. Well, as to that particular statute, I think it's improvidently worded, because it doesn't allow for the other exceptions and exemptions that they have written in the Act. I'm not sure I follow you, counsel. Well, 8-101, I'm sorry, 8-101 is the exception. Yes, 8-101 is the, it says no civil action, other than something that doesn't apply here, may be, no civil action other than may be commenced in any court against a local entity, which would be the title of normal, unless it is commenced within one year from the date that the injury was received. And I'll say again, it's improvidently worded, because in the same Act they're putting in exceptions, so the language probably should have been, no civil actions other than as herein described, shall be filed outside the one-year statute of limitations. Which exceptions are you referring to? The five exceptions enumerated. That affects liability. This is a statute of limitations. That's why I asked you to begin with, why does 2-101 have anything to do or say about a statute of limitations? It says nothing in this Act that affects the liability. You can't address a statute of limitations question until there is liability. The egg before the hen. Okay, let's assume there's liability here. They did a bad thing. What in 2-101 gives them immunity as long as you file suit within a year? If you file suit within a year, I don't think there would be a problem. If we didn't file suit within a year, none of these questions would have come up in Ms. Collins' case. I'm not, I don't quite, I'm trying to separate my mind, and I want to see if you can address. On the one hand, we have a section talking about liability. It's 2-101, and then in 8-101, it's talking about a statute of limitations. They seem to be different. They are different, Your Honor. I don't think one has to combine the two sections or the two thoughts to answer what is at issue in this case. In other words, you don't, I mean, you correctly noted all the surrounding issues about liability, and that is, basically, it's presumed under a 2-619 motion. We're not arguing that at this point in time. I have to assume that it's a good case. Yes, sir. It is a good case looking at factual allegations. He keeps talking about your job's been eliminated. They may hire somebody else. That's not a helpful argument. But I'm, the limit, let me ask this one more time. I'm not sure why the limitation provision in 8-101 doesn't apply here. Clearly, they haven't eliminated retaliatory discharge, so why shouldn't there be, why couldn't the legislature say, yeah, this retaliatory discharge is a good cause of action, but you've got one year in which to bring it? Well, the act was passed before the Supreme Court's ruling allowing retaliatory discharge. Legislators didn't have the benefit of knowing what particular actions were going to arise under the Workers' Compensation Act at that point, so they were acting in good faith, but without full knowledge of the judicial system. Any other questions? We do not. Thank you. I take the matter under advisory.